[Civ. No. 656.  First Appellate District.—September 1, 1909.]

F. FIGONE, Appellant, v. F. REPETTI, JOHN A. KOS-
TER, Auditor, and JOHN E. McDOUGALD, Treasurer
of the City and County of San Francisco, Respondents.

SAN FRANCISCO CHARTER—RESTRICTION OF EMPLOYMENT—INDEPENDENT
CONTRACTOR—REMOVAL OF GARBAGE FROM SCHOOL BUILDINGS AND
GROUNDS.—The restriction of the San Francisco charter that "all
deputies, clerks, assistants, and other employees of said city and
county must be citizens of the United States, and must during their
respective terms of office or employment actually reside in the city
and county, and must have so resided for one year next preceding
their appointment," does not apply to an independent contractor
employed by the board of education to remove garbage from the
school buildings and grounds in said city and county, he being the
lowest bidder therefor under a contract for a monthly sum, by the
terms of which he was to furnish his men, wagons and teams, and
select his own time for doing the work, provided he did it according
to the contract.

ID.—POWER OF BOARD OF EDUCATION.—The board of education had power
to let the contract for the removal of garbage from the school build-
ings and grounds to the lowest responsible bidder, as an independent
contractor.

ID.—STATUTORY CONSTRUCTION—"INDEPENDENT CONTRACTOR" NOT AN
"EMPLOYEE."—A statute like the present charter, which restrains
the right of a municipal corporation to "employ" certain classes of
persons must be given no broader construction than its words imply.
Any "independent contractor" who ordinarily selects his own ma-
terials, and furnishes his own means of carrying out his contract,
cannot be considered an "employee" in the ordinary meaning of that
term.

ID.—INJUNCTION PROPERLY REFUSED AT SUIT OF TAXPAYER AND RIVAL
BIDDER.—An injunction was properly refused, at suit of a taxpayer
of the city and county, who was also a rival bidder, to restrain the
auditor and treasurer of the city and county from paying the
monthly sum allowed to the independent contractor, to whom the
bid was awarded by the board of education, as being the lowest
bidder.

APPEAL from an order of the Superior Court of the
City and County of San Francisco, refusing to grant an in-
junction.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

A. D. Splivalo, and Devoto & Richardson, for Appellant.

J. F. Riley, for F. Repetti, Respondent.

Francis V. Keesling, for John A. Koster, Auditor, Respondent.

COOPER, P. J.—This is an appeal from an order refusing to grant an injunction, restraining the auditor of the city and county of San Francisco from auditing, and the treasurer of said city from paying, a claim of defendant Repetti for the removal of garbage and refuse from the public school buildings and grounds in said city for the month of October, 1908.

It is the contention of appellant that the contract entered into by the board of education of said city with said Repetti for the removal of garbage and refuse, and which is the contract under which the claim arose, is void, for the reason that Repetti is not a citizen of the United States, and that section 2 of article XVI of the charter of said city prohibits such contract. The section is as follows: "All deputies, clerks, assistants and other employees of said city and county must be citizens of the United States, and must during their respective terms of office or employment actually reside in the city and county, and must have so resided for one year next preceding their appointment."

Repetti was not an employee of the city within the meaning of the section. He was an independent contractor, who procured his contract by making the lowest responsible bid after the board of education had duly advertised for bids. The board of education had the power to let the contract to a corporation or to anyone else who would agree to do the work as an independent contractor. A statute like this, which restrains the right of a municipal corporation to employ certain classes of persons, must be given no broader construction than its plain words imply. A contractor, to whom a contract is let to construct a building, or a sewer, to pave a street or to perform any other work for a definite sum, is not an employee in the ordinary sense of the term. He ordinarily selects his own laborers, his own materials, and furnishes his own means of carrying out the contract. In this case Repetti

was to receive a monthly sum for the removal of all the garbage and refuse from all the public school buildings and grounds in the city and county of San Francisco. He was to furnish his own men, his own wagons and his own teams, and select his own time for doing the work provided that he did it according to the contract. The horses he used were as much employees of the city as were the men who did the work of loading or driving the wagons. The men, horses, wagons and tools used by Repetti were of his own selection.

It may be suggested that the complaint does not allege or show that the city and county of San Francisco or the plaintiff, as a taxpayer, would be injured by paying Repetti, who was a lower bidder than the appellant; nor does it in any way appear that appellant was injured because he does not allege that he could have made any profit out of the contract if it had been awarded to him.

The order is affirmed.

Kerrigan, J., concurred.

HALL, J.—I concur in the judgment and in all that is said in the opinion save as to the matter in the last paragraph.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 29, 1909.